UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| KIMBERLY BUSH | ) | |
|---|---|---|
| | ) | No. 1:02-cr-136/1:12-cv-346 |
| v. | ) | *Judge Curtis L. Collier* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

# MEMORANDUM

Kimberly Bush ("Bush"), a federal inmate, has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 106).[1] Bush contends her Sixth Amendment right to effective assistance of counsel was violated. Relying on the Supreme Court's decisions in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (2012), she maintains she "has the legal right to file an appeal when a new rule of constitutional law [is] made retroactive to cases on collateral review by the Supreme Court[.]" (Criminal Court File No. 106, pp. 4-5).

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires a judge to *sua sponte* dismiss a § 2255 petition without ordering a responsive pleading "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Because Bush's § 2255 motion is time-barred, the United States is not required to file a response.

Having reviewed the record and the applicable law, for the reasons explained below, the Court concludes Bush's motion under 28 U.S.C. § 2255 will be **DENIED** as time-barred by the applicable one-year statute of limitations (Court File No. 106).

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

**I.    Background**

On November 18, 2002, Bush pleaded guilty to conspiring to distribute fifty grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846 (Criminal Court File No. 35–Sealed plea agreement; Criminal Court File No. 36–Guilty plea minutes).  The United States Probation Office, using the 2002 version of the Sentencing Guidelines, found Bush accountable for 7.31 kilograms of cocaine base ("crack").  Because Bush was subject to a statutorily-mandated minimum term of life imprisonment, her Guidelines range became the statutory mandatory minimum.  On March 10, 2003, the Court granted the government's motion for a downward departure based on Bush's substantial assistance, and sentenced her to 235 months.

Bush did not file a direct appeal.  On or about October 9, 2012, Bush gave the prison mailroom authorities her § 2255 motion.  Therefore, pursuant to the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270-71 (1988), it is deemed filed on October 9, 2012.

**II.    Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion.  *See* 28 U.S.C. § 2255.  Bush's judgment of conviction was entered on March 13, 2003 (Criminal Court File No. 59).  Bush did not pursue a direct appeal.

"For purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'"  *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)).  If the defendant does not take a direct appeal, the judgment of

conviction is final on the date on which the time for filing an appeal expired. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). Bush's judgment of conviction was entered on March 13, 2003, which means her conviction became final ten days later—March 27, 2003.[2] The one-year statute of limitation for filing a § 2255 motion began on March 28, 2003, and expired on or about March 26, 2004.

Bush had one year from the time her judgment of conviction became final to file her § 2255 motion. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. P. Bush's § 2255 motion indicates it was delivered to prison authorities on October 9, 2012, more than eight years after the expiration of the one year statute of limitations for filing a timely § 2255 motion.

Accordingly, Bush's § 2255 motion was untimely filed on October 9, 2012.

## III. Later Date for Commencement of One-Year Statute of Limitations Inapplicable

Bush argues the statute of limitation in her case is governed by § 2255(f)(3). In Section 2255 cases, the one-year limitation period commences on the latest of one of the four dates set forth in Title 28 U.S.C. § 2255(f). As discussed above, normally the date would be the date the movant's

---

[2] At the relevant time (March of 2003), Rule 4 of the Federal Rules of Appellate Procedure provided defendants with ten days to file a notice of appeal. Fed.R.App.P. 4(b)(1)(A)(2003). In addition, at that time, Rule 26 of the Federal Rules of Appellate Procedure provided that when computing any period of time less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays were to be excluded. Fed.R.App.P. 26(a)(2). Rule 4 has since been amended to provide a defendant with fourteen days in which to file a notice of appeal, and Rule 26 has been amended to count every day in the fourteen day calculation unless the last day falls on a weekend or holiday. Fed.R.App.P. 4(b)(1)(A) and Fed.R.App.P. 26 (2009).

3

judgment became final. 28 U.S.C. § 2255(f)(1). However, the statute of limitations may also commence from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Bush contends this date applies based on the Supreme Court's 2012 decisions in *Cooper* and *Frye*.

Bush submits she received ineffective assistance of counsel and cites to *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (2012), to support her argument that the trigger date for the limitations period set forth in § 2255(f)(3) is applicable in her case. Under this section of the statute, the one-year limitation period for filing a § 2255 motion does not begin until "the date on which the right asserted was initially recognized by the Supreme Court, *if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review.*" 28 U.S.C. § 2255(f)(3) (emphasis added).

*Cooper* and *Frye* held that counsel is ineffective when a defendant receives a harsher sentence as a result of counsel's constitutionally deficient advice to reject a plea bargain, *see Cooper*, 132 S.Ct. at 1383-1390-91, or as a result of counsel's failure to notify the defendant of a plea offer from the government, *see Frye*, 132 S.Ct. at 1404, 1410-11. Neither decision appears to announce a newly recognized right. *See In re King*, 697 F.3d 1189 (5th Cir. 2012) (per curiam) (agreeing with Eleventh Circuit's *In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012) decision, that neither *Cooper* nor *Frye* announced new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual situation); *Hare v. United States*, 688 F.3d 878 (7th Cir. 2012) (*Frye* and *Lafler* did not announce a new rule of constitutional law); and *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) (noting the *Frye* and *Lafler* cases

4

merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984) and established in the plea bargaining context in *Hill v. Lockhart,* 474 U.S. 52 (1985)).

Nevertheless, even if the decisions announce a newly recognized right, they have not been made retroactively applicable on collateral review. Consequently, the extension of the limitations period provided by § 2255(f)(3) does not apply to Bush's case.[3]

Accordingly, to the extent Bush argues her petition is timely under § 2255(f)(3) based upon the Supreme Court's *Cooper* and *Frye* decisions, she is incorrect as those decisions do not announce a right that has been newly recognized by the Supreme Court and are not retroactively applicable on collateral review.

---

[3] In addition to the § 2255 motion being untimely, Bush has failed to provide any factual support for her claim that she was denied effective assistance of counsel. Instead, she claims she is entitled to file an appeal which indicates she may be claiming counsel was ineffective for failing to file an appeal on her behalf. However, her reliance on *Cooper* and *Frye* is perplexing as those cases pertain to counsel's assistance in relation to pleas and the Court is unable to fathom how those cases apply here, as Bush does not claim that counsel failed to make her aware of an offer from the government, incorrectly advised her of the offer's terms, or failed to accurately assess the risks of accepting the offered plea agreement versus going to trial. In fact, Bush entered into a plea agreement with the government, and although she was subject to a mandatory minimum life sentence, based on counsel's plea negotiations and her substantial assistance, she was sentenced to 235 months imprisonment by the Court.

Thus, in sum, aside from the untimeliness of the motion, Bush has failed to raise a claim entitling her to relief as she has failed to provide any factual support for her claim that she received ineffective assistance of counsel. Consequently, Bush's failure to "state the facts supporting" her ineffective assistance of counsel claim violates Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which requires movants to "state the facts supporting each ground[.]" Rule 2(b)(2).

**IV.     Conclusion**

Bush's § 2255 motion to vacate, set aside, or correct her sentence will be **DENIED** as time-barred and this action will be **DISMISSED** (Criminal Court File No. 106).

Accordingly, an appropriate judgment order will enter denying Bush's § 2255 motion and denying her *in forma pauperis* status on appeal and a certificate of appealability.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**